**MALAKAI LAVATA'I, Plaintiff**

**v.**

**PELE PU'EFUA, Defendant**

High Court of American Samoa
Trial Division

CA No. 43-95

December 4, 1995

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and BETHAM, Associate Judge

Counsel:       For Plaintiff, Afoa Moega Lutu
               For Defendant, Asaua Fuimaono

Order Granting Petition for Summary Eviction:

On August 1, 1991, plaintiff Faima Lavata'i and defendant Pele Pu'efua entered into a lease agreement for a portion of Lavata'i communal land known as "Lepine" in Malaeimi. Pu'efua was to lease the land for ten years at a rate rising over the term of the lease from $500 to $600 per month. The lease document was never submitted to the Governor for approval.

On April 13, 1995, Malakai Lavata'i, acting as his father Faima's representative, brought summary eviction proceedings, under A.S.C.A. §§ 43.1401 et seq., against Pu`efua for violating various provisions of the lease, including failure to pay rent. Pu`efua filed an answer and counterclaim on April 25, 1995. The matter case for hearing on September 14, 1995, with both parties represented by counsel.

■ Regardless of any claims made under the lease by either party, the lease is void. A.S.C.A. § 37.0221 provides that any lease of communal land "shall be submitted . . . to the Governor for approval, and *it shall have no validity until such approval has been signified in writing.*" *Id.* (emphasis added). This lease was for communal land, but it was never submitted to the Governor for approval. Therefore, the lease never had any effect. Thus, regardless of the arguments defendant makes under the lease, he has no right to be on the land. He is, therefore, subject to eviction by the rightful owner.

■ It is the policy of this court to encourage the submission of leases for communal land to the governor for approval. *See, e.g., Sagapolutele v. Tala'i,* 20 A.S.R. 2d 16 (Land & Titles Div. 1991). The law is that leases not properly submitted shall have no validity. We will not imply validity where it is explicitly denied by statute. Thus, neither party has any right under the invalid lease. Lavata`i's petition for summary eviction will, therefore, be granted.

The issues of unjust enrichment (compensation for the value of good faith improvements made to land) raised by the defendant will not be decided in this summary proceeding, but must be considered at trial. We need not determine the unjust enrichment issue to rule on the petition to recover possession of premises by summary proceedings. *See* A.S.C.A. § 43.1411.

For reasons given, judgment for possession, pursuant to A.S.C.A. § 43.1412, will enter in favor of plaintiff Lavata`i, without prejudice to any counterclaims that Pu`efua may have.

It is so ordered.